UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JOHN W. WILLIAMS, INC.,

               Petitioner,         10 Civ. 6708
                                                  OPINION

   -against-

UNITED FOOD AND COMMERCIAL WORKERS
LOCAL 342, AFL-CIO, CLC

               Respondent.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/11

**Sweet, D.J.**

      Petitioner and Respondent have entered a collective bargaining agreement ("Agreement"), which provides for the arbitration of "any claim or grievance" (Decl. of Philip Rizzuto, Ex. A at 30). The parties additionally entered a memorandum of agreement that provides "that it is the intent of the parties to arbitrate their disputes over any part of the language contained in the Agreement, including the arbitration language (all inclusive) and not to litigate their disputes" and that "[t]he Employer agrees to waive its right to go to any court to challenge or contest the language, or intent of the language, of the grievance and arbitration procedure." (Decl. of Philip Rizzuto, Ex. B at 5).

In August, 2010, Respondent served Petitioner with a Notice to Arbitrate regarding alleged violations of the Agreement. By Order to Show Cause filed by Petitioner in state court, Petitioner obtained a stay of arbitration pending a hearing to be held on September 15, 2010. (Decl. of Philip Rizzuto, Ex. C). Prior to the hearing date, Respondent removed this action to federal court, pursuant to 28 U.S.C. § 1331. The Notice of Removal was filed on September 9, 2010.

Conclusions of Law

The stay imposed by the state court is hereby lifted, no hearing having been held and the time limitations under Federal Rule of Civil Procedure 65(b) having run. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439-40 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer then it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal."); Carrabus v. Schneider, 111 F. Supp. 2d 204, 210 (E.D.N.Y. 2000) ("[T]here is no reason to believe that a state court TRO issued on notice, and in anticipation of a preliminary injunction hearing, is exempt upon removal to the federal forum

2

from the Rule 65 time limitation that clearly does govern an ex parte TRO in the same circumstances.") aff'd, 13 Fed. Appx. 33 (2d Cir. 2001).

The petition is dismissed, the issues of timeliness being arbitrable here. See Shearson Lehman Hutton v. Wagoner, 944 F.2d 114, 121 (2d Cir. 1991) ("any limitations defense-- whether stemming from the arbitration agreement, arbitration association rule, or state statute--is an issue to be addressed by the arbitrators") (emphasis in original) (citations omitted); see also Martens v. Thomann, 273 F.3d 159 (2d Cir. 2001)("[i]f the claims are subject to a valid and enforceable arbitration agreement, the arbitrator, not the court, should be deciding the statute of limitations issue"); Paine Webber, Inc. v. Bybyk, 81 F.3d 1193, 1199-1200 (2d Cir. 1996) (submitting questions of arbitrability, including of timeliness, to arbitration).

It is so ordered.

New York, NY
May 25, 2011

ROBERT W. SWEET
U.S.D.J.